**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Wayne HART, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Larry Lynn HART, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Allen Ray LEONARD, Defendant-
Appellant.**

**Nos. 10187–10189.**

United States Court of Appeals
Tenth Circuit.

April 24, 1969.

---

torches, drills, other burglary tools, and a gun were found in the bank subsequent to their arrest. Federal agents later joined state officers for purposes of collecting the tangible evidence. They were indicted and ultimately convicted by a jury of entering a federally insured bank with intent to commit a felony affecting that bank, i. e. larceny of money or property, in violation of 18 U.S.C. § 2113(a).

At the outset of the trial, appellants moved to exclude all testimony and all evidence because of the allegedly brutal treatment of the defendants by state officers at the time of their arrest. On the motion to suppress, two of appellants testified that upon their arrest they were kicked and beaten with guns by the police officers. The contention seems to be that this inhumane conduct of the state officers barred prosecution on the federal charge even though no confessions were taken or other evidence obtained by reason of the brutality. The most that can be said for this admittedly novel thesis is that state police brutality so contaminated the processes of criminal justice as to bar prosecution of the victims for the offense for which they were arrested and charged.

■ Without deciding that in no case could police brutality bar prosecution of the victim, we reject the contention here. There is nothing to indicate that federal officers in any way participated in or condoned the alleged brutality. There is no nexus between the allegedly wrongful treatment and the prosecution for the federal offenses charged. No confessions were obtained and no other evidence elicited from the accused as a result of this treatment. We do not think it so infected the federal processes as to render prosecution obnoxious to fundamental concepts of criminal justice.

The appellants may have redress under the Civil Rights Act, see Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961), or the officers may be subject to criminal liability, see Anneler v. State, 93 Okl.Cr. 437, 229 P.2d 238

H. A. Leatherman, Oklahoma City, Okl. (Jo-Ann Fisher Corrigan with him on the brief), for defendants-appellants.

John W. Raley, Jr., Oklahoma City, Okl. (Andrew Potter, U. S. Atty., with him on the brief), for plaintiff-appellee.

Before MURRAH, Chief Judge, SETH, Circuit Judge, and CHRISTENSEN, District Judge.

PER CURIAM.

The appellants were apprehended inside the Community National Bank of Warr Acres, Oklahoma, by city and county law enforcement officers, at about 2 a. m. They had gained entry by tearing a hole in the roof. Acetylene

(1951). But the prosecution and conviction are not barred.

Appellants also contend that the evidence was insufficient to justify submitting to the jury the appellants' intent to steal from the bank an amount greater than $100.00. The applicable statute provides punishment for anyone who "enter[s] * * * any bank * * * with intent to commit * * * any felony affecting such bank * * * or any larceny.", § 2113(a). The jury was told that unless they found that appellants entered the bank with the intent to steal property valued at more than $100.00, they should acquit them.

As the case comes to us the unchallenged instructions of the court are, of course, the law of the case, and a finding of intent to steal property valued in excess of $100.00 is essential to conviction. And we think the jury could have reasonably found that appellants entered a federally insured bank at 2:00 a. m. with intent to steal more than $100.00.

The judgment is affirmed.